Merrimack,
Apr. 1, 1947. } No. 3636.

### Consolidated Rendering Company

*v.*

### Beatrice C. Smith *and* Union Trust Company, *Trustee.*

*Maurice A. Broderick* (by brief and orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Piper* orally), for trustee.

PER CURIAM. Since "trustee process is an equitable proceeding in which the right of the parties are determined upon equitable principles" (*Corning* v. *Records*, 69 N. H. 390, 396), plaintiff maintains that the bank's failure to make them a party after the filing of the bill of interpleader is a wrong which creates liability relying upon *Protective &c. Company* v. *Collins*, 92 N. H. 27. The contention is well founded.

The law is well settled that a trustee is not protected by a judgment against him where he failed to give notice of the pendency of the proceedings to a third person who he knew claimed an interest in the property. 38 C. J. S., s. 293, *p.* 578. In *Page* v. *Thompson*, 43 N. H. 373, 376, where the trustee failed to notify an assignee of proceedings brought by the assignor, the court said: "Upon these facts we are of the opinion that the plaintiff, being no party to that judgment is not bound by it; . . . The judgment, as such, can bind only parties and privies, and it was plainly the duty of the trustee to disclose his knowledge of the assignment, and thus lay the foundation for bringing the claimant into court, that the rights of all could be conclusively settled. Not having made such disclosure, he must take the risk of the plaintiff's claim." The trustee by its failure to disclose afforded the defendant an opportunity to obtain $600 at the expense of the plaintiff. The plaintiff was not a party and was not bound by the judgment. "Having an attachment lien on the share of the defendant . . . it was entitled to be made a party to the petition. . . . By virtue of its lien it stood in the defendant's place, so far as its lien might be affected by any order." *Protective &c. Co.* v. *Collins, supra,* 27, 32.

Prior to December 13, 1937, the trustee was not chargeable, because the claim of the defendant to funds in its hands was unliquidated. On December 13, 1937, the defendant's claim became liquidated by the judgment in her favor against Leonard's administrator in the sum of $600. The plaintiff's action was returnable to the October 1937 term, and it was still entitled thereafter to take the trustee's disclosure under the rule. (Rule 58 of the Superior Court, 78 N. H. 698; Rule 63, 93 N. H. Appendix). The trustee was not then entitled to be discharged. "But prior to the discharge of the trustee the claims had become liquidated and the attachments under the process held." *Arfanis* v. *Claremont Nat'l. Bank*, 87 N. H. 380, 382.

The record does not disclose that the trustee had knowledge of the liquidation of the defendant's claim by judgment on the same day that the money was paid to Leonard's administrator under the consent decree. However this is no defense, because of the trustee's duty to disclose the plaintiff's interest; such disclosure would have been calculated to bring out into the open the real disposition of the defendant's claim, and thus protect the plaintiff. The trustee might not rely for its protection upon the defendant's own agreement to relinquish her claim to the funds by a judgment for Leonard's administrator in a proceeding to which the plaintiff claimant was not a party.

Six hundred dollars should be the limit of the trustee's liability. The plaintiff's right to charge the trustee arose solely from the defendant's agreement to liquidate the claim. It may not have the benefits of the agreement without being subject to its limitations.

*Judgment for the plaintiff for $600.*

BLANDIN, J., took no part in the decision.